IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| WINTERFIELD UNITED METHODIST CHURCH, §§§§§§ | |
| Plaintiff, § | |
| § | Case No. 6:23-cv-558-JDK |
| v. § | |
| § | |
| CHURCH MUTUAL INSURANCE COMPANY, S.I., §§§§ | |
| Defendant. § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Winterfield United Methodist Church sued Defendant Church Mutual Insurance Company, S.I., in Texas state court on October 13, 2023, asserting claims for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code (Chapters 541 and 542) and the Texas Deceptive Trade Practices Act ("TDPA"). Defendant removed the case to federal court on November 13, 2023. Docket No. 1.

Now before the Court is Defendant's motion for summary judgment. Docket No. 12. The motion was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the motion. Docket No. 17.

On December 17, 2024, Judge Love issued a Report and Recommendation recommending that Defendant's motion for summary judgment on Plaintiff's

1

contractual and extracontractual claims be denied. Docket No. 21. Defendant timely filed objections to the Report. Docket No. 28.

I.

Where a party timely objects to the Report, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). To unobjected-to portions of the Magistrate Judge's Report, the Court reviews such portions for clear error or abuse of discretion and reviews his legal conclusions to determine whether they are contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (finding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

II.

In its objections, Defendant (1) argues the Report failed to apply the doctrine of concurrent causes and (2) generally objects to Judge Love's Report regarding Plaintiff's remaining claims. Docket No. 28. However, Defendant does not address claims regarding the Texas Prompt Payment of Claims Act.

A.

The Report properly declined to apply the concurrent causes doctrine. Under the concurrent causation doctrine, "when covered and non-covered perils combine to

create a loss, the insured is entitled to recover that portion of the damage caused solely by the covered peril." *Adv. Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 477 (5th Cir. 2022) (quoting *Dallas Nat'l Ins. Co. v. Calitex Corp.*, 458 S.W.3d 210, 222 (Tex. App. 2015)). Once a defendant has submitted sufficient evidence that a non-covered peril possibly combined with a covered peril to create a plaintiff's damages, the plaintiff has two options: (1) produce evidence indicating that the claimed loss is *solely attributable* to a covered peril or (2) produce evidence that a jury could use to reasonably segregate covered and non-covered losses. *Id.*

Plaintiff here has proffered evidence sufficient to raise a fact issue regarding whether the covered peril—the January 2022 storm—was the sole cause of damages, which is also sufficient to overcome the doctrine of concurrent causes. *See Hub Tex., LLC v. Arch Specialty Ins. Co.*, 2023 WL 11859631, at * 9 (N.D. Tex. Mar. 21, 2023) ("If [Plaintiff] has proffered sufficient admissible evidence that the damages were caused solely by the covered storms, the outcome would be the same regardless of whether the concurrent causation doctrine applies—summary judgment would not be appropriate."). Plaintiff submitted expert evidence from Dallas Kaemmerling who opined that the damage to Plaintiff's roof was caused "solely" by the hail damage from the covered storm. Docket No. 16 at 9. Kaemmerling reviewed weather data and concluded that the January 2022 storm was the only storm capable of causing the damage to Plaintiff's roof. *Id.* at 10. His report and subsequent declaration also opined that he formulated his opinion by ruling out other potential causes of loss, including "foot traffic, wear and tear, lack of maintenance, or other causes." Docket

3

No. 16-2 at 18–19. This included his observation that his opinions regarding causation were not altered upon his review of photos taken by one of Defendant's adjusters Mike Hickey:

> Mr. Hickey's May 2021 inspection photographs do not change any opinion that the roof systems at the Property require replacement as a result of the January 19, 2022 hail storm. *These few pre-existing characteristics are not damage that would lead to or cause the roofs to need to be replaced.*

*Id.* at 3 (emphasis added). Additionally, Plaintiff submitted as evidence the testimony of Defendant's engineer Craig Chonko, which indicated several areas of the roof that did not show signs of hail damage in the months leading up to the covered storm. *Id.* at 14.

Defendant's argument to the contrary is unpersuasive. While Plaintiff may concede that some pre-existing damage is present, which the Report appreciates, this does not alter the sufficiency of Plaintiff's evidence that a singular, non-covered cause resulted in the *full* replacement of Plaintiff's roofing. For example, in *Marshall Mall Investors LP v. Allied Property & Casualty Insurance Co.*, the defendant presented evidence of repairs to the roof pre-dating loss, indicated roof sections caused by non-covered peril, noted other storms had caused damage, and highlighted the plaintiff's expert failure to properly examine defendant's expert evidence. 2023 WL 5682412, at *3 (E.D. Tex. July 5, 2023). Nonetheless, despite these indications of pre-existing damage, the court found that a genuine issue of material fact still existed regarding whether the covered storm was the sole cause of the claimed damages because the plaintiff submitted evidence showing the claimed damages arose solely from the covered peril. *Id.* Similarly, here, Defendant's contrary evidence only serves to create

4

a factual dispute, which is better suited in the hands of the factfinder at trial. *See Adv. Indicator*, 50 F.4th at 477.

However, even if Defendant's evidence discounted Plaintiff's sole-causation evidence, Plaintiff submitted competent summary judgment evidence of a segregation principle that would allow a jury to segregate covered and non-covered damages, satisfying the concurrent causation doctrine's second prong. Plaintiff's proffered evidence of prior inspection reports, pre-date of loss photographs of Plaintiff's property, and Kaemmerling's line-item estimate. Docket Nos. 16, 12-1. The Report found this evidence sufficient to allow a jury a reasonable method of articulating covered and non-covered damages. Docket No. 21 at 13–14. The Court finds no clear error, abuse of discretion, or conclusion contrary to law in the Report's conclusion on this point. Because the concurrent causation doctrine's segregation prong does not require "absolute mathematical precision," the Court agrees that Plaintiff's submitted evidence provides a "reasonable basis upon which a jury could reasonably allocate damages" between any concurrent causes, if necessary. *Fiess v. State Farm Lloyds*, 392 F.3d 802, 808 (5th Cir. 2004). Defendant's first objection is overruled.

**B.**

Defendant's remaining objections argue that the Report relied on alleged facts that are non-material, "factually inaccurate[,] and not supported by the summary judgment evidence." Docket No. 28, at 4–5. These objections fail to accurately understand the Report.

First, the Report correctly found a genuine issue of material fact on two of Plaintiff's allegations: (1) Defendant withheld the underwriting file from its

5

independent adjuster, engineer, and Plaintiff; and (2) Defendant withheld the engineer's report from Plaintiff for four months after Defendant received the report. Docket No. 21 at 18. The Report then declined to parse through Plaintiff's remaining statutory and common law bad faith claims because each allegation was based on the same predicate of bad faith. The Report, therefore, appropriately concluded that the motion for summary judgment be denied since there were genuine issues of material fact.

Second, the Court notes that Defendant's "materiality" argument regarding the underwriting file was not raised in its briefing before the Magistrate Judge. Defendant's materiality argument was not properly presented to the Magistrate Judge for consideration and instead is raised for the first time in its objections to the Report. *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ("[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge.") (citing *Cupit v. Whiteley*, 28 F.3d 532, 535 (5th Cir. 1994)).

Nonetheless, the Report's recommendations as to Plaintiff's bad faith allegations are correct. Plaintiff has pointed to specific evidence in the record to show that a genuine issue of material fact exists as to its extracontractual claims. The evidence was sufficient to allow a jury to "reasonably infer that only disclosing favorable information about a claim when the insurer knows of potentially unfavorable information is evidence of bias." *First Christian Church of Tyler v.*

6

*Church Mut. Ins. Co., S.I.*, 2024 WL 3631080, at *4 (E.D. Tex. July 10, 2024), *report and recommendation adopted*, 2024 WL 3625833 (E.D. Tex. July 31, 2024).

Defendant's second objection is overruled.

### C.

Defendant did not object to the Report's recommendations to deny Defendant's motion for summary judgment as to Plaintiff's claim under the Texas Prompt Payment of Claims Act. Thus, the Court reviews those findings for clear error or abuse of discretion and reviews his legal conclusions to determine whether they are contrary to law. *Wilson*, 864 F.2d at 1221. Having reviewed the Report, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. The Court adopts Judge Love's report in whole.

### III.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Defendant's objections are without merit. Accordingly, the Court **OVERRULES** Defendant's objections (Docket No. 28) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 21) as the opinion of the Court. Defendant's motion for summary judgment on Plaintiff's contractual and extracontractual claims (Docket No. 12) is **DENIED**.

**So ordered and signed on this**

**Jan 9, 2025**

                                                                                  _____
                                                                                  JEREMY D. KERNODLE
                                                                                  UNITED STATES DISTRICT JUDGE